## Connoss *v.* Meir.

In an action in the nature of the action of trover, it is not necessary that the defendant should deny the *value* of the property, and his omission to do so does not operate as an admission of the value averred in the complaint.

The value cannot properly be put in issue. It is not traversable matter.

The damages must be *proved*, whether denied or not. Even on default, where all traversable averments are taken as admitted, the plaintiff must prove his damages.

Section 168 of the Code of Procedure has not altered the former rule in this respect.

Whether that section is applicable to justices' courts; *quere?*

Those allegations alone are "material," within the meaning of § 168 of the Code, which can be the subject of *an issue*, and without proof whereof the action could not be maintained.

The action of trover, or action of that nature, can be maintained, although *no* value is proved. Conversion being shown, the plaintiff is entitled to nominal damages.

Appeal by the defendant, in an action in the nature of the action of trover, from a judgment of one of the justices' courts. The opinion states the facts.

By the Court. Woodruff, J.—This was an action for detaining the plaintiff's watch, which was alleged in the complaint to be of the value of twenty dollars. The answer denied the detention, but was silent respecting the value of the watch. The plaintiff gave no evidence of its value. One of the defendant's witnesses states, that it was not worth over twelve shillings; but further examination, I think, showed that the evidence of this witness on the subject was wholly unreliable. Under these circumstances, (the proof of detention by the defendant being satisfactory,) the justice gave judgment in the plaintiff's favor for twenty dollars, upon the distinct ground, as stated by him in his return, that the value of the watch—not being denied in the answer—was "admitted by the pleadings."

In this the justice erred. The action is in the nature of

the former action of trover, and to entitle a plaintiff to *maintain his action*, it was only necessary for him to prove an illegal detention of his property, which, being properly proved, amounted to conversion. The *allegation* and the *proof* of *value* only go to the *quantum* of damages. Although in trover it was necessary for the plaintiff to allege *some* value, because in pleading it is proper to furnish by the complaint some *prima facie* rule of damages; yet the plaintiff was never required to state the *true* value, and it has, therefore, been deemed of no practical use to require that *any* value should be averred. Indeed, it has been doubted whether it is indispensable that the value should be averred at all. (*Wood* v. *Smith*, Cro. Jac. 129; Bacon's Abr. Tit. Tresp. I. 2, and Trover, F. 1; Com. Dig. Action on the case upon Trover, G. 1; Esp. Dig. 588, cites *Godwin* v. *Harwood*, 2 Roll. Rep.)

It seems, in modern times, to be regarded as matter of form, and not of substance. The conversion is the gist of the action; and if the conversion of the plaintiff's goods is proved, the *action* may be *maintained*, although the damages should be *nominal* only. This was distinctly decided by the Supreme Court, in *Newcomb et al.* v. *Ramer*, 2 J. R. 420, n.; (and see Essential Requisites of Declaration in Trover, 2 Selw. N. P. 535.)

The defendant, therefore, cannot take issue upon it. No such plea can be found in the books. (Com. Dig. Action in the Case upon Trover, G. 6; Bac. Abr., Trover, 2.)

His omission, therefore, to answer the averment of value, does not admit it. (*Crisp* v. *Belwood*, 2 Liv. 425.) And not only so, his pleading to the merits is a waiver of objection to the want of an averment of value, and cures the defect. (See 2 J. R. 420, n., above cited; 2 Chit. Pl. 410, n.)

It follows, therefore, that before the enactment of the Code of Procedure, the averment of value was matter of form—it could not be the subject of an issue—its omission was cured by pleading to the merits—it need not be proved as laid— and even a plea in justification did not admit it.

If, then, this case be determined by the former rules of pleading, the justice erred. And if section 168 of the Code has any application to the rules of pleading in justices' courts, he erred no less clearly. That section, so far as it can apply to this case, is but a re-enactment of a rule as old as the principles of pleading. Every allegation, in a pleading at law, which might be put in issue by the adverse party, was always taken as true, if not denied. And it is in this sense that the term "material allegation" is used in that section. It means an allegation, without proof of which the plaintiff must fail in his action. All such allegations may be denied. They were formerly put in issue by the general issue, and no others were put in issue by that plea; and those, and no others, were admitted, by being left unanswered. I agree with the opinion of Justice DUER, in *Fry* v. *Bennett*, (5 Sand. S. C. R. 54,) on this point.

The plaintiff in this case was entitled to judgment. His cause of action was proved, but he gave no evidence which warranted a judgment for the damages. If no evidence of the value of the property was given, he was entitled to judgment for nominal damages only; but taking the testimony of the defendant's witness against himself, the plaintiff might claim to recover the twelve shillings, since it does not lie with the defendant to discredit his own witness.

Under the circumstances, the plaintiff should, I think, be permitted to elect between a judgment for twelve shillings and a reversal. If he elect the latter, he will, if so advised, bring a new action.

The judgment should be reversed, with costs, unless the plaintiff, within five days, elects to take judgment for one dollar and fifty cents damages, in which case the judgment should be affirmed for that sum, and reversed as to the residue, with costs to the plaintiff.

Ordered accordingly.